UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ORUCH LOWENBEIN on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COLLECTCORP CORPORATION,<br><br>Defendant. | Civil Action No. 1:11-cv-01141-JBW-RLM |

**DEFENDANT COLLECTCORP CORPORATION'S
ANSWER TO AMENDED CLASS ACTION COMPLAINT**

NOW COMES defendant, Collectcorp Corporation ("Collectcorp"), by and through undersigned counsel, and for its Answer to Plaintiff's Amended Class Action Complaint, states as follows:

## INTRODUCTION

1. Collectcorp admits that plaintiff purports to bring an action for damages under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, but denies any and all damages, liability, and/or violations, to the extent alleged in ¶ 1.

## PARTIES

2. Collectcorp denies the allegations in ¶ 2 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

3. Collectcorp denies the allegations in ¶ 3 as calling for a legal conclusion.

4. Collectcorp admits the allegations in ¶ 4.

5. Collectcorp admits only that as part of its business it provides debt collection services to third party clients. Except as specifically admitted, Collectcorp denies the allegations in ¶ 5.

6. Collectcorp admits only that when it operates as a debt collector as defined by 15 U.S.C. § 1692(a)(6), certain of its activities may be regulated by the FDCPA. Except as specifically admitted, Collectcorp denies the allegations in ¶ 6.

## JURISDICTION AND VENUE

7. Collectcorp admits the allegations in ¶ 7 only as to plaintiff's FDCPA action, and denies the allegations as to plaintiff's TCPA action.

8. Collectcorp admits the allegations in ¶ 8 only as to plaintiff's FDCPA action, and denies the allegations as to plaintiff's TCPA action.

## ALLEGATIONS PARTICULAR TO ORUCH LOWENBEIN

9. Collectcorp admits only that it was retained to provide debt collection services for a debt owed by plaintiff and that it undertook collection of said debt. Except as specifically admitted, the allegations in ¶ 9 are denied.

10. Collectcorp admits only that its records reflect that on May 13, 2010, it called plaintiff. Except as specifically admitted, the allegations in ¶ 10 are denied.

11. Collectcorp denies the allegations in ¶ 11 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

12. Collectcorp admits only that plaintiff has in his possession a recording that he purports to be a voice mail message from May 13, 2010.

13. Collectcorp denies the allegations in ¶ 13.

14. Collectcorp denies the allegations in ¶ 14.

15. Collectcorp denies that it undertook any action with respect to plaintiff that was prohibited.

16. Collectcorp denies the allegations in ¶ 16.

17. Collectcorp denies the allegations in ¶ 17.

## AS AND FOR A FIRST CAUSE OF ACTION

**Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of himself and the members of a class, as against the defendant.**

18. Collectcorp repeats and reiterates its answer to the allegations in ¶¶ 1 through 17 as if same were set forth herein at length.

19. Collectcorp admits plaintiff purports to bring this action as a class action but denies it meets the requirements of Fed. R. Civ. P. 23.

20. Collectcorp denies the allegations in ¶ 20.

21. Collectcorp denies the allegations in ¶ 21.

### Violations of the Fair Debt Collection Practices Act

22. Collectcorp denies the allegations in ¶ 22.

23. Collectcorp denies the allegations in ¶ 23, including its subparts (A) through (E).

24. Collectcorp denies the allegations in ¶ 24.

25. Collectcorp denies class certification is appropriate.

26. Collectcorp denies the allegations in ¶ 26 as calling for a legal conclusion.

27. Collectcorp denies the allegations in ¶ 27.

28. Collectcorp denies the allegations in ¶ 28.

## AS AND FOR A SECOND CAUSE OF ACTION

### Violations of the Telephone Consumer Protection Act brought by the Plaintiff

29. Collectcorp repeats and reiterates its answer to the allegations in ¶¶ 1 through 28 as if same were set forth herein at length.

30. Collectcorp denies the allegations in ¶ 30.

31. Collectcorp denies the allegations in ¶ 31.

32. Collectcorp denies the allegations in ¶ 32.

33. Collectcorp denies the allegations in ¶ 33 as calling for a legal conclusion.

34. Collectcorp denies the allegations in ¶ 34.

35. Collectcorp denies that it violated the TCPA.

36. Collectcorp denies the allegations in ¶ 36.

37. Collectcorp denies the allegations in ¶ 37.

38. Collectcorp denies the allegations in ¶ 38.

39. Collectcorp denies the allegations in ¶ 39.

40. Collectcorp denies the allegations in ¶ 40.

AND NOW, in further Answer to the Amended Complaint, Collectcorp Corporation avers as follows:

## FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim against Collectcorp upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Pursuant to 15 U.S.C. § 1692k(c), to the extent a violation(s) is established and in the event Collectcorp is found to be a debt collector as defined in the FDCPA, which is specifically denied, any such violation(s) was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

## THIRD AFFIRMATIVE DEFENSE

Assuming plaintiff suffered any damages, plaintiff has failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages.

## FOURTH AFFIRMATIVE DEFENSE

Any harm suffered by plaintiff was legally and proximately caused by persons, individuals, corporations, or entities beyond the control or supervision of Collectcorp, or for whom Collectcorp is not responsible or liable.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff fails in whole or in part to satisfy the requirements for a class action.

## SIXTH AFFIRMATIVE DEFENSE

This action should not be maintained as a class action because individual questions predominate over common questions of law and fact, and a class action is not superior to other available methods for the fair and efficient adjudication of the matter.

## SEVENTH AFFIRMATIVE DEFENSE

One or more of the Counts contained in the Complaint are barred by the applicable statute of limitations.

### **EIGHTH AFFIRMATIVE DEFENSE**

One or more of the telephone calls were not made to a wireless, i.e., cellular, telephone.

### **NINTH AFFIRMATIVE DEFENSE**

The phone calls made by Collectcorp are exempt from TCPA liability under 47 U.S.C. § 227(b)(1)(B) & 47 U.S.C.§ 227(b)(2)(b) & 47 C.F.R. § 64.1200(a).

### **TENTH AFFIRMATIVE DEFENSE**

The equipment used by Collectcorp to make telephone calls is not covered by or subject to the TCPA.

### **ELEVENTH AFFIRMATIVE DEFENSE**

Based upon the policies and procedures of Collectcorp, to the extent Collectcorp was calling plaintiff on his cellular telephone, as alleged, plaintiff had provided consent to receive those calls.

### **TWELFTH AFFIRMATIVE DEFENSE**

To the extent plaintiff was receiving calls on his cellular telephone, plaintiff has failed to mitigate his damages.

### **THIRTEENTH AFFIRMATIVE DEFENSE**

To the extent that plaintiff was not the intended recipient of the calls, plaintiff has no standing to assert the claim.

WHEREFORE, Defendant Collectcorp Corporation respectfully requests this answer be deemed good and sufficient, Plaintiff's lawsuit be dismissed with prejudice at Plaintiff's costs pursuant to Federal and State law, Plaintiff be ordered to pay reasonable attorney's fees and costs for Collectcorp, and for all other general and equitable relief.

Dated: June 14, 2011                                    Respectfully submitted

/s/ Aaron R. Easley
Aaron R. Easley (ae9922)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
200 Route 31 North, Suite 203
Flemington, NJ 08822
Telephone No.: (908) 751-5940
Facsimile No.: (908) 751-5944
aeasley@sessions-law.biz
Attorneys for Defendant
Collectcorp Corporation

## CERTIFICATE OF SERVICE

I certify that on this 14th day of June 2011, a copy of **Collectcorp Corporation's Answer to Amended Class Action Complaint** was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including plaintiff's counsel as described below. Parties may access this filing through the Court's system.

    Adam J. Fishbein, Esq. (AF-9508)
    483 Chestnut Street
    Cedarhurst, NY  11516
    Tel.: (516) 791-4400
    Fax.: (516) 791-4411
    fishbeinadamj@gmail.com
    Attorney for Plaintiff

        By:   /s/ Aaron R. Easley
              Aaron R. Easley, Esq.
              Attorney for Defendant
              Collectcorp Corporation